**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| SHANNA HELVEY, | ) | Case No.: 1:17-cv-00186 |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT and** |
| | ) | **DEMAND FOR JURY TRIAL** |
| v. | ) | |
| | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, CHRISTINA ROLLINS ("Plaintiff"), by and through her attorneys, and for Plaintiff's Complaint against Defendant, NAVIENT SOLUTIONS, LLC ("Defendant"), alleges and affirmatively states as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3.  Venue is proper in the United States District Court Northern District of Indiana pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

### PARTIES

4.  Plaintiff is a natural person residing in Wabash County, in the city of Wabash, Indiana.

5.  Defendant is a Delaware corporation doing business in the State of Indiana with its principal place of business located in Wilkes-Barre, Pennsylvania.

6.  At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### FACTUAL ALLEGATIONS

7.  Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8.  Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred by Plaintiff.

9.  Defendant placed collection calls to Plaintiff's cellular telephone at phone number (260) 568-37XX.

10. Defendant places collection calls to Plaintiff using and automated telephone dialing system from phone numbers including, but not limited to (302) 261-5532.

11. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, SHANNA HELVEY.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

15. On June 29, 2016, at or around 2:24 p.m. Pacific Standard Time, Plaintiff called into Defendant's company at phone number (302) 261-5532.  Plaintiff spoke with Defendant's female representative and requested that Defendant cease calling Plaintiff's cellular phone.

16. During the conversation on June 29, 2016, Plaintiff gave Defendant both her phone number and social security number to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

17. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on June 26, 2016.

18. Despite Plaintiff's request to cease, Defendant placed another three (3) collection calls to Plaintiff on July 5, 2016.

19. Defendant continued to place collection calls to Plaintiff through October 21, 2016.

20. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least fifty-one (63) automated calls to Plaintiff's cell phone.

///

PLAINTIFF'S COMPLAINT and DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

PLAINTIFF'S COMPLAINT and DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SHANNA HELVEY, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, LLC, for the following:

FIRST CAUSE OF ACTION

29. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein, (63) $31,500.00;

30. Actual damages and compensatory damages according to proof at time of trial;

SECOND CAUSE OF ACTION

31. For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein, (63) $94,500.00;

32. Actual damages and compensatory damages according to proof at time of trial;

ON ALL CAUSES OF ACTION

33. Actual damages and compensatory damages according to proof at time of trial; and

34. Any other relief that this Honorable Court deems appropriate.

**JURY TRIAL DEMAND**

35. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED:  April 28, 2017

**The Law Offices of Attorney**

By: _/s/_____

Attorney for Plaintiff

PLAINTIFF'S COMPLAINT and DEMAND FOR JURY TRIAL